24 C.C.P.A.(Patents)

GOLDSMITH v. VON MIHALY.
Patent Appeal No. 3812.

Court of Customs and Patent Appeals.
June 7, 1937.

360

Harry G. Grover, of New York City, and Samuel B. Smith, of Washington, D. C., for appellant.

Robert E. Barry, of Washington, D. C., for appellee.

Before GRAHAM, Presiding Judge, and BLAND, HATFIELD, GARRETT, and LENROOT, Associate Judges.

GARRETT, Associate Judge.

This appeal brings before us for review a decision of the Board of Appeals of the United States Patent Office affirming the decision of the Examiner of Interferences awarding priority to appellee upon two counts involved in an interference declared between a patent to Goldsmith, hereinafter referred to as appellant, and an application of Von Mihaly, hereinafter referred to as appellee. The counts read:

"1. In combination, a scanning device for analyzing the varying intensities of light and shadow upon cyclically recurring series of elemental areas of a subject of which the image is desired, an optical system associated with the scanning device, movable means for producing relative movement between the subject of transmission and the scanning device, and automatic means operable upon movement of the movable means for maintaining in focus the optical system used in the scanning operation.

"2. In a television system, a scanning device for analyzing varying intensities of light and shadow on successive elemental areas of a subject of which an image is to be transmitted, an optical system associated with the scanning device, and means for moving the optical system to automatically maintain it in focus upon relative movement of the scanning device and the subject scanned."

There are numerous assignments of error, but the ultimate question to be determined is whether the counts are supported by the disclosure of appellee's application as originally filed.

This application was filed in the United States Patent Office and given the serial No. 432,991 on March 3, 1930. It was in all material respects a duplicate of an application filed on appellee's behalf in the Patent Office of Germany on March 5, 1929, and he was given the benefit of his German filing date for conception and reduction to practice of the invention. Appellant's application was filed August 14, 1930, as serial No. 475,187, and matured into patent No. 1,924,277, granted August 29, 1933: As issued, it embraces thirteen claims. Appellee caused a number of these claims to be copied into his United States application for the purpose of interference. As to most of the claims so copied, the Examiner held ex parte that appellee was not entitled to make them, but it was held that he might make claims 2 and 13, and these became the counts of the issue.

Appellee did not file any drawing with his specification presented to the United States Patent Office and in the first office action of record, the Primary Examiner tentatively rejected the application, holding the specification to be inadequate and incomplete, and said, "The invention admits of a drawing and a drawing is, therefore, required." In response to this action, appellee filed drawings and also presented numerous amendments to his written specification. Without detailing the various office actions, it is sufficient to say that the Primary Examiner at length held that Figures 1 to 5 of the drawings were admissible, being supported by his original specification, and, as has been stated, it was finally held by the Examiner that the original specification was sufficient of itself to disclose the counts.

In a decision of October 9, 1933, the Examiner said:

"The specification of this [Von Mihaly's] application has been altered so much by amendments that it is not clear what applicant intends to cover as his invention.

Applicant is required to rewrite the specification in order to present a clear and compact copy."

Appropriate action by appellee followed and the interference was duly declared.

Following the filing of the preliminary statements, appellant moved to dissolve the interference upon the following grounds:

"1. That the originally filed specification of the party Von Mihaly included no drawing and no description of any workable apparatus which would support either count in issue; and

"2. That any descriptive matter and illustration added to the Von Mihaly application subsequent to its filing involves new matter and, therefore, the application as now pending before the Patent Office cannot support either count in issue."

Appellee made answer to the motion to dissolve, and, upon the issues presented, the Examiner of Interferences rendered an interlocutory decision denying the motion, and, holding appellee to be entitled to his foreign filing date for constructive reduction to practice, made order that appellant show cause why judgment of priority should not be awarded against him on the record.

To this order appellant responded with an argument by way of answer in which the several matters alleged in the motion to dissolve were reiterated. Thereupon the Examiner of Interferences saying that Goldsmith's response "does not raise any points which have not been fully considered and disposed of * * *," made the award of priority which subsequently met the approval of the Board of Appeals.

■ So far as we can discern, the arguments presented before us on behalf of the respective parties are substantially the same as those presented before the tribunals of the Patent Office. It is quite earnestly insisted on behalf of appellant that appellee was required to file a drawing or drawings with his specification, and in this connection appellant's brief quotes from section 4889, R.S. (35 U.S.C.A. § 34), as follows:

"When the nature of the case admits of drawings, the applicant shall furnish one copy * * * and a copy of the drawing * * * shall be attached to the patent as a part of the specification."

The contention is that appellee's application should be considered as effective only from the date when he supplied the drawings in the United States Patent Office, which appears to have been April 2, 1931.

It was held by the Examiner of Interferences:

"Section 4889 of the Revised Statutes while stating that the applicant shall furnish drawings when the nature of the case so admits, makes no statement as to when the drawings shall be furnished. While it is desirable that drawings shall be furnished when filing the other parts of the application in order to avoid any controversy as to new matter, no good reason is seen for not accepting subsequently filed drawings nunc pro tunc provided said drawings are supported by the originally filed parts of the application as is the case here.

"An examination of the certified copy and sworn translation of Von Mihaly's foreign filed application shows that the counts here in issue are fully supported thereby and that the party Von Mihaly is entitled to avail himself of his foreign filing date of March 5, 1929."

The Board of Appeals did not specifically discuss or pass upon this phase of the controversy, but said:

"After careful consideration it seems to us that the counts are so broad as to be practically commensurate with the statement above quoted from the original specification. They do not require any specific mechanism but only the scanning device and the optical system *with* very broadly means to move the optical system to automatically maintain it in proper focus or automatic means operable upon the movement of the movable means for the scanning means for accomplishing this result. This is substantially the scope of the statement of Von Mihaly's original specification.

"This proposition or conception is so broad that it is believed to be not beyond the skill of those working in the optical arts to accomplish it without involving invention.

"Goldsmith illustrates certain specific apparatus set forth in numerous other claims of his patent but the claims on appeal do not involve any details of the apparatus only the very broad combination as above discussed."

It is our opinion that the position taken by the Examiner of Interferences upon

this issue is sound as a matter of law. It is true that in the instant case the early declarations of the Primary Examiner strongly indicated that, in his opinion, there was lacking in the application as originally filed in the United States Patent Office the full and clear disclosure required by section 4888, R.S. (35 U.S.C.A. § 33), and this fact is strongly emphasized in the argument on behalf of appellant. However, the Primary Examiner did subsequently find in the written specification, as originally filed, and, as we understand it, without reference to the drawings, what he deemed to be ample disclosure.

In the interlocutory decision of the Examiner of Interferences is found the following:

"The invention here in issue relates to a television system and more specifically to the transmitter thereof wherein the subject of transmission is automatically focussed on the scanning device regardless of the distance therebetween.

"The object of the invention is accomplished by means of a scanning device and an optical system associated therewith for focussing the subject of transmission upon said scanning device. Movable means is provided for producing relative movement between the subject of transmission and the scanning device, automatic means being operable upon movement of said movable means for maintaining in focus the optical system."

From the brief on behalf of appellant we quote, with the italics as there used, the following:

"Fundamentally, Goldsmith describes a television system wherein *equal detail scanning* is provided for the *complete subject* irrespective of the large variances in distance of the subject from the television scanning device. In contrast, von Mihaly describes a television system wherein *unequal detail scanning* is provided for only a *portion of the subject* (the 'center of interest') with substantially fixed distance between the subject and the television scanning device. In von Mihaly any variance in distance between the subject and the television scanning device is a result of moving the subject (not the scanning device) and is only to correct focussing *defects* of the optical system."

Details of structure of both devices are then set forth and numerous differences are pointed out. That the devices are structurally different and that they operate differently is obvious. One of these differences is that appellant in, to quote from the count, "producing relative movement between the subject of transmission and the scanning device" provides means which move his optical system toward or from the subject of transmission, while appellee provides means which move the subject of transmission toward or from his optical system. The focus is maintained at the desired point by either movement. It is obvious that all that the counts at issue require as to the movement between the subject (the image of which is to be transmitted) and the scanning device is means which will provide *relative* movement. It seems to us clear that this requirement is as fully met by means which will move the subject as by means which will move the scanning device. Appellee was denied the right to make claims which read only upon appellant's particular structural arrangement, but, as was said by the Board, the counts at issue are quite broad. They are not limited to a device in which only the optical system is moved.

The Examiner of Interferences applied count 1 to appellee's specification in the following manner:

| "Count 1. | Von Mihaly. |
| --- | --- |
| "In combination, a scanning device for analyzing the varying intensities of light and shadow upon cyclically recurring series of elemental areas of a subject of which the image is desired, | The Nipkow disc referred to in line 1, page 4 of the specification which scans the film in the kinematographic apparatus. |
| an optical system associated with the scanning device, | The kinematographic objective referred to in line 3, page 3 of the specification. |
| movable means for producing relative movement between the subject of transmission and the scanning device, | The remaining part of the kinematographic apparatus carrying the film and described in the first paragraph on page 3 of the specification. |
| and automatic means operable upon movement of the movable means for maintaining in focus the optical system used in the scanning operation. | The device for continuously automatically adjusting the objective in such a manner that the projection is very clear and definite and described in the first paragraph on page 3 of the specification." |

Elsewhere in his decision the Examiner of Interferences quoted verbatim from appellee's original specification the features

alluded to by page number in the foregoing.

From our own examination of the text of the specification as originally filed, we feel that the Examiner fairly applied the count; that count 2 may be applied in substantially the same manner; and that the Board of Appeals properly approved his decision.

Accordingly, the decision of the Board of Appeals is affirmed.

Affirmed.