27 C.C.P.A.(Patents)

## HARNSBERGER v. YOUKER.

### Patent Appeal No. 4254.

Court of Customs and Patent Appeals.

Feb. 26, 1940.

Rehearing Denied April 1, 1940.

Edward H. Lang, of Chicago, Ill. (Henry C. Parker, of Washington, D. C., of counsel), for appellant.

Barry & Cyr, of Washington, D. C. (Robert E. Barry and Armand A. Cyr, both of Washington, D. C., of counsel), for appellee.

Before GARRETT, Presiding Judge, and BLAND, HATFIELD, LENROOT, and JACKSON, Associate Judges.

BLAND, Associate Judge.

The invention involved in this interference has to do with converting gaseous hydrocarbons to liquid hydrocarbons and is expressed in the single count as follows: "A process for the conversion of normally gaseous hydrocarbons to normally liquid hydrocarbons which comprises flowing a stream of said gaseous hydrocarbons through a tube under high pressure, heating said stream during passage through said tube to an elevated temperature whereby some of said gaseous hydrocarbons will be converted to liquid hydrocarbons, and adding hydrocarbon oil to said stream of gaseous hydrocarbons after said stream has been heated and prior to substantial reduction of said pressure under which said stream is held subsequent to said addition of oil."

The particular controversy here is in connection with the last clause of the count relating to the addition of hydrocarbon oil: "and adding hydrocarbon oil to said stream of gaseous hydrocarbons after said stream has been heated and prior to substantial reduction of said pressure under which said stream is held subsequent to said addition of oil."

The relationship of the parties to this interference may be seen by a consideration of the following pertinent facts:

On May 1, 1925, the appellee, Youker, filed an application, serial No. 27,234 for "Natural Gas Conversion Process." The application as filed disclosed two inventions, one in which hydrocarbon gases alone were treated, and the other in which hydrocarbon gases and hydrocarbon oil were treated together. During the prosecution of this application Youker cancelled all subject matter relating to the simultaneous treatment of gas and oil. The record shows that the cancellation was made in response to the action of the examiner in rejecting all the original claims, relating to both the first and second processes, for the reason that they were "met in terms" by certain references. Appellee states that since the "application was optionally divisible, Youker cancelled * * *

all subject matter relating to the second process, that is, to the simultaneous treatment of gas and oil." There is no contention by either party that the cancellation was in response to a requirement for division. This application matured into patent No. 1,800,586 on April 14, 1931.

On September 11, 1930, during the pendency of the above-mentioned application, Youker filed a second application, serial No. 481,318, which resulted in patent No. 2,027,460 of January 14, 1936. In this second application Youker disclosed and claimed, inter alia, the process which had been cancelled from his first application with certain alleged minor alterations. In the specification of the second application as filed was the following:

"My invention relates to improvements in a natural gas conversion process, and has particular reference to improvements in the natural gas conversion process which was disclosed in my application for letters patent, filed in the United States Patent Office, May 1, 1925, Serial No. 27,234. The disclosure contained herein should be taken in conjunction with said application for letters patent and considered as a continuation of the same.

"In general, the object of this natural gas conversion process is to manufacture hydrocarbon liquids from hydrocarbon gases, either by adding carbon to said gases or removing hydrogen from said gases."

During the prosecution of this application, Youker was required to denominate it a "continuation in part" of the first application.

On May 8, 1929, Harnsberger filed an application which ripened into patent No. 1,900,057 on March 7, 1933. On April 17, 1934, Harnsberger filed application for the reissue of said patent and during the prosecution of the reissue application sought to add, for the purpose of an interference with Youker, certain claims of the second Youker patent, No. 2,027,460, among which was claim 19 which read: "19. A process for the conversion of normally gaseous hydrocarbons to normally liquid hydrocarbons which comprises flowing a stream of said gaseous hydrocarbons through a tube under high pressure, heating said stream during passage through said tube to a temperature in excess of 750° F. whereby some of said gaseous hydrocarbons will be converted to liquid hydrocarbons, and adding hydrocarbon oil to said stream of

gaseous hydrocarbons after said stream has been heated and prior to substantial reduction of said pressure under which said stream is held subsequent to said addition of oil."

The claims were rejected by the Primary Examiner who stated they were—

"further rejected as unpatentable to applicant over Youker 2,027,460 or over the patented file of Youker 1,800,586.

"The file history of Youker 2,027,460 shows that for the subject matter of the claims here involved, the patentee is entitled to the filing date of Youker 1,800,586 which is 1925, and therefore claims 15 and 16 [based on claim 19 of the Youker patent] are unpatentable to the present applicant. Moreover, the claims are unpatentable to applicant over the file history of Youker 1,800,586 itself since as originally filed, the application thereof disclosed introducing oil into the heated reaction stream after heating and prior to reduction of pressure."

Harnsberger argued, among other things, that since Youker had cancelled this subject matter from his first application and did not prosecute it again until the filing of his second application, it constituted an abandonment by Youker of the invention; that the claim corresponding to Youker claim 19 should not be rejected on the "Youker patented file" and that Harnsberger should be permitted to contest priority as to this claim with Youker.

The examiner then suggested that: "If applicant were to amend the statement of temperature to call for an elevated temperature, claim 15 so amended would be made the count of the requested interference."

Harnsberger followed this suggestion of the examiner and inserted in his application the claim corresponding to the count in its present form and the instant interference was declared between Youker's patent No. 2,027,460 and the said reissue application of Harnsberger.

As the interference was set up, Harnsberger would have been the senior party, the application for the patent which he sought to reissue being filed May 8, 1929, and the application of Youker for patent No. 2,027,460 being filed September 11, 1930. This would have put the burden of proof on Youker. Youker moved to shift the burden of proof, claiming that his earlier-filed application of May 1, 1925, disclosed the subject matter of the count.

The Primary Examiner held that the count of the interference was broad enough to read upon the disclosures of both the applications of Youker, but that since it was his view that the later-filed Youker application was not a continuation in part of the first, the motion to shift the burden of proof was denied.

Upon appeal to the Commissioner of Patents to exercise his supervisory authority, it was held that in view of the conclusion of the examiner that the count of the interference was broad enough to read upon the disclosures of both cases, the examiner should have granted the motion "whether or not the later application fulfilled the requirements of being a technical continuation in part of the earlier one." The commissioner further said: "The examiner called attention to the fact that during the prosecution of petitioner's earlier application the matter now relied on by petitioner was cancelled and therefore does not appear in the earlier patent. This circumstance is not deemed to deprive petitioner of the benefit of the earlier application. The cancellation of such matter would not constitute an abandonment thereof since petitioner was entitled at any time during the prosecution to file another application covering this matter and his later application was so filed." See Writer v. Kiwad, 63 F.2d 259, 20 C.C.P.A., Patents, 869, 431 O.G. 263.

The commissioner made no ruling as to the correctness of the examiner's conclusion that Youker's earlier application disclosed the invention in issue, it being stated that that question was for the consideration of the Examiner of Interferences at final hearing. Youker was accordingly made the senior party.

An order to show cause, issued against Harnsberger, was vacated and the case set down for final hearing before the Examiner of Interferences.

The Examiner of Interferences held that the disclosure of the first-filed Youker application corresponded to the subject matter defined by the count of the issue and that Youker was accordingly entitled to the filing date of the application for patent 1,800,856—May 1, 1925—for constructive reduction to practice.

Upon appeal, the Board of Appeals affirmed the decision of the Examiner of

Interferences, whereupon Harnsberger appealed to this court.

As we see it, this appeal presents two main questions for our determination: First. Is the invention of the count at bar disclosed in Youker's application of May 1, 1925? Second. Did the cancellation during the prosecution of the earlier application of the matter now relied on by Youker operate to deprive Youker of the benefit thereof? Harnsberger also presents the contention in effect that it is not sufficient that the words of the count literally read on the earlier disclosure but that it is "necessary as a matter of law" that the invention be the same in the disclosure of Youker's earlier application and in his second patent.

With reference to the first question for decision, it is to be noted, as before stated, that Youker's 1925 application was for two inventions, one in which hydrocarbon gases alone were treated and the other in which hydrocarbon gases and hydrocarbon oil were treated together. It is with the latter invention that we are now concerned. In disclosing this invention, Youker's drawing and description of the same, which was cancelled, showed heating a stream of gas as it flowed under high pressure through a pipe to a reaction chamber where, before the pressure was reduced, and after liquid hydrocarbons had been formed from the gas, gas oil or fuel oil was added to the stream. The cancelled language accurately describes this process and agreeable to the concurring decisions of the Examiner of Interferences and the Board of Appeals, we are of the opinion that in said cancelled matter Youker clearly disclosed the invention defined by the count in controversy.

The second invention in the 1925 application which ripened into patent No. 1,-800,586, was, as before stated, a natural gas conversion process and was not concerned with the addition of oil to the gas being converted. Before the application relating to the natural gas conversion process ripened into a patent, appellee filed his application No. 481,318 which resulted in patent No. 2,027,460. This application clearly disclosed and claimed the process of the count at bar, that is to say, it disclosed and claimed the process of adding fuel oil to a stream of heated gas under pressure, some of which had been liquefied, said addition of oil being before there was any substantial reduction of pressure in the stream containing the gas and oil. It is not questioned here but that the latter application which ripened into patent No. 2,027,460 disclosed the elements of the count. It also disclosed the maintenance of pressure at certain pounds per square inch and temperatures of certain degrees.

Both tribunals concurred in holding that under the circumstances stated the said cancellation of the subject matter in the 1925 application did not bar Youker from being entitled, for the purpose of constructive reduction to practice in the interference proceeding, to the benefit of his said early disclosure. The board said:

"As a second reason for urging that Youker is not entitled to the date of his earlier application for a constructive reduction to practice, Harnsberger urges that that portion of the early application disclosure related to the introduction of oil, having been canceled long prior to the filing of an application claiming the same that it was abandoned, especially as the specific disclosure of the subsequent application was quite different from that of the earlier application. Statements made in the later-filed Youker application seem to clearly repel any implication of abandonment as such later application is referred to as a continuation of the earlier application. The examiner later required an amendment to the effect that there was a continuation-in-part because of differences in disclosure.

"The decisions referred to in paper No. 32, particularly Field v. Colman, 40 App. D.C. 598, make it clear that the question of continuity is to be determined by the readability of the claims directed to the same invention on the prior disclosure rather than by identities in the disclosures themselves.

"A decision cited in the same paper, Writer v. Kiwad, 63 F.2d 259, 20 C.C.P.A., Patents, 869, makes it clear that abandonment is not to be implied from the fact that the supporting subject matter was canceled from an earlier application prior to the filing of a divisional or continuing application where such application was filed during the pendency of the earlier case."

The Examiner of Interferences in his decision, after citing certain authorities stated: " * * * the facts of the instant case appear to be sufficiently analogous to those of Writer v. Kiwad, (63 F.2d 259, 20 C.C.P.A., Patents, 869, 431 O.G. 263), that said decision accordingly is

deemed to be controlling on the legal question of Youker's right to the date of his 1925 application for conception and constructive reduction to practice of the count."

As to the contention of Harnsberger that the inventions of the two Youker applications under consideration must be identical before Youker is entitled to the benefit of his disclosure in the 1925 application, the Examiner of Interferences had the following to say:

"Harnsberger argues that the invention originally disclosed in the Youker 1925 application is different from that disclosed in the interference patent which supports the count. Of course what may be the "invention" disclosed in a case is a matter about which several persons may have considerable disagreement whereas the same persons may be in complete accord as to the subject matter of the same case. That is to say. the subject matter is a question of fact, whereas the "invention" is a question of law concerning which there may be, and frequently is, room for much difference of opinion as is shown by the records of patent litigation. In an interference, however, it is not necessary to determine the "invention" of a record relied upon by a party, but merely to ascertain if the disclosure thereof corresponds to the subject matter. defined by the count or counts of the issue.

\*    \*    \*    \*    \*    \*

"Even if it be assumed that Harnsberger is correct in his assertion that the specific disclosures of the Youker applications differ as stated in his brief, it is not seen what bearing this has on the question of Youker's right to the benefit of the 1925 application. The count is drawn to a process comprising but two steps—(1) heating a flowing stream of hydrocarbon gas and (2) adding a hydrocarbon oil to the products of the gas heating operation. The primary examiner in his decision on the several motions states,

" 'A careful consideration of the subject matter herein involved establishes without a doubt that the essence of the invention in controversy herein is the quoted step of the count, namely, the step of adding hydrocarbon oil.' "

The Board of Appeals agreed with the Examiner of Interferences on this question.

We are in agreement with the concurring conclusions of the Patent Office tribunals on all the questions presented.

It seems to us that it is virtually conceded by all that the count literally reads on the disclosure of the Youker 1925 application, and that the essence of the controverted invention of the 1925 application was disclosed and claimed in the application which was filed before the 1925 application ripened into a patent, and in our judgment it makes no difference that other subject matter was disclosed and claimed in said later application. We think the circumstances of this case show such a continuity between the Youker 1925 application and the application of the second patent as to justify the holdings of the Patent Office tribunals that Youker was entitled to the disclosure of his earlier filed application for the purpose of showing constructive reduction to practice.

We furthermore conclude that Harnsberger's contention that the cancellation of the subject matter from the 1925 application, under the circumstances stated, warrants the conclusion that Youker had abandoned the same is without merit. To the contrary, we think the language used by Youker in his second application refutes such a conclusion.

We have examined the cases relied upon by Harnsberger and it is our view that no one of them supports his contentions on this phase of the case. On the other hand, the case of Writer v. Kiwad, 63 F.2d 259, 20 C.C.P.A., Patents, 869, relied upon by the Examiner of Interferences and the Board of Appeals, and that of Field v. Colman, 40 App.D.C. 598, referred to by the board, are directly in point.

On the subject of continuity, Field v. Colman, supra, is especially applicable, and it seems to us that Writer v. Kiwad, supra, and a later case decided by this court, Walsko v. Smith, 102 F.2d 815, 26 C.C.P. A., Patents, 1141, abundantly support the conclusion of the tribunals below upon the question of abandonment. Inasmuch as Field v. Colman and Writer v. Kiwad, supra, have been discussed in the opinions of the tribunals below, we need not discuss them here.

In Walsko v. Smith, supra, this court held that the cancellation of certain subject matter for the purpose of obtaining a patent as to other claimed subject matter would not justify the application of the doctrine of estoppel or a conclusion that the subject matter had been abandoned where it appeared that the claims were copied at a time when the applicant still had the right to claim the same in a divisional applica-

tion and where no divisional requirement had been made. It was held there that the facts stated showed such a continuity as the law required.

It seems to us that the facts at bar are substantially identical with those in the Walsko v. Smith case, supra. If there is any difference, as affecting the instant issue, it would seem that the facts at bar would be even less susceptible of an inference of abandonment than would the facts in that case.

In summing up his argument, Harnsberger states:

" * * * The deletion of that subject matter from the application and the issuance of the patent without it constituted an· abandonment of the subject matter. Fessenden v. Wilson et al., 48 F.2d 422, 18 C.C.P.A., Patents, 1171, 9 U.S.P.Q. 274. In that case Fessenden filed an application in 1915 which contained twenty-two inventions. The Patent Office required Fessenden to limit his specification and claims to one of the inventions. Fessenden conformed to that request and allowed the patent to issue with one invention disclosed and claimed. This application became a patent in 1918. In 1922 he filed another application claiming one of the deleted inventions of the early application which became involved in an interference with an· application of Wilson et al. Fessenden contended he was entitled to the date of his original application for reduction to practice. In denying the benefit of his 1915 application, this Court, among other things, said:

" 'Since Fessenden's 1915 application, as amended, contained no disclosure of the subject matter in issue and was not operable for patentable purposes, for the subject matter in issue, and was,· under the facts in this record, and as related to the subject matter at bar, to·be regarded in law as an abandoned application, it can not be relied upon as a reduction to practice.' "

It is obvious from the above statement that the facts in Fessenden v. Wilson et al., 48 F.2d 422, 18 C.C.P.A., Patents, 1171, differ greatly from the facts in the instant case. During the pendency of the application which ripened into a patent in 1918, Fessenden had no application disclosing or claiming the invention involved.

The decision of the Board of Appeals is affirmed.

Affirmed.