42 C.C.P.A. (Patents)

**Hilding Olof Vidar BERGSTROM, and Karl Gustaf Trobeck, Appellants,**

v.

**George H. TOMLINSON and George H. Tomlinson II, Appellees.**

**Patent Appeal No. 6066.**

United States Court of Customs and Patent Appeals.

March 30, 1955.

---

Henry C. Parker, Washington, D. C., for appellants.

Joseph P. Moran, New York City, for appellees.

Before O'CONNELL, Acting Chief Judge, and JOHNSON, WORLEY, and COLE, Judges.

WORLEY, Judge.

This is an appeal from a decision of the Board of Patent Interferences of the United States Patent Office awarding to appellees priority of invention of the subject matter embraced in a count which reads as follows:

"The process of regenerating black liquor in the sulfate pulp process, which comprises subjecting the liquor as it comes from the cooking step and before any substantial evaporation thereof to a separate oxidizing step wherein it is intimately contacted with air at an elevated temperature below the boiling point of the liquor, said liquor being subjected to said oxidizing treatment without any substantial evaporation until substantially all of the sulfur present becomes fixed in the liquor without substantial loss of hydrogen sulfide, terminating said treatment before the occurrence of any substantial oxidation of the organic compounds present in said liquor, whereby loss of sulfur compounds during the evaporating step are substantially eliminated."

Involved are an application of appellants, Serial No. 9,027, filed February 17, 1948, for "Process of Treating Waste Sulfate Liquor," and an application of appellees, Serial No. 640,360, filed January 10, 1946, for "Chemical and Heat Recovery System." Two counts were originally involved. During the proceedings below, appellants, being the junior party, conceded to appellees priority of invention of the more specific of the two counts, i. e., count 1, and at the same time moved to shift the burden of proof as to count 2, claiming benefits under section 1 of the Boykin Act, Public Law 690, 79th Cong., 35 U.S.C. § 101, 35 U.S.C.A.Appendix, § 101, in respect to two Swedish applications, No. 4623/1939, filed August 28, 1939, and No. 3328/1941, filed June 13, 1941, which applications matured respectively as patents, No. 120,988, dated February 24, 1948, and No. 128,263, dated May 16, 1950.

In denying the motion to shift the burden of proof, the examiner held that appellants are not entitled to the filing dates of the Swedish applications as a constructive reduction to practice, stating his reasons as follows:

"* * * The disclosures of these patents are merely generalized statements which require interpretation and limitation by inference to comply even with the broadly worded steps of the claim. For instance, the patents state that 'oxidation which has been carried too far will directly influence upon the organic substances', and it is necessary to infer that this amounts to a disclosure of the step of 'terminating said

treatment before the occurrence of any substantial oxidation of the organic compounds present'. No specific conditions of temperatures, concentrations, length of time of the oxidation, or other pertinent disclosure which might be taken as complying with the requirement of the inclusion of sufficient specific directions to enable the invention to be carried out without undue experimentation in applications filed in this country are present. The specific disclosure of the Bergstrom and Trobeck application here involved is not present in the Swedish patents. Their application is therefore not entitled to the filing date of the noted Swedish patents under Public Law 690."

The Board of Patent Interferences held that the examiner properly denied appellants' motion. In awarding priority of invention of the count to appellees, the board applied the reasoning of this court in the case of In re Smyth, 189 F.2d 982, 38 C.C.P.A., Patents, 1130. There we held that the applicant for a patent could not rely upon his meager and incomplete British provisional specification for the purpose of overcoming the date of a reference, because the specification did not describe the claimed invention in a manner conforming to the requirements of R.S. 4888 [1], i. e., that it be sufficient to enable one skilled in the art to understand the construction and mode of operation.

In the present case appellants are claiming the filing dates of their Swedish applications for a constructive reduction to practice, and that involves a determination of whether the subject matter of the count is adequately disclosed therein.

In addressing ourselves to that issue, it is evident from the record that the examiner's decision, approved by the board, is based upon his opinion that "the Swedish patent * * * is an insufficient disclosure of the contended invention and fails to support the count," and that such conclusion was reached because "The disclosures of these patents are merely generalized statements * *." The record also shows that in questioning the sufficiency of the foreign disclosures, the examiner discussed specifically only that step of the count involving the "terminating" ·of the oxidation treatment. In the light of the record before us, we must assume that the tribunals below found in the Swedish patents adequate basis for the other limitations of the count.

We note that the count sets forth the process in unusually broad and general terms, and that, presumably, the examiner not only found that those generalized statements defined an invention, but also that the broad terminology used was sufficiently definite to meet the statutory provisions for distinctness and particularity required in claims. Under those circumstances we must apply the general rule that where the count is expressed in such broad terms that one skilled in the art could work it without difficulty, a finding of support in the Swedish application for the general terms of the count is all that is necessary to entitle appellants to rely thereon for a constructive reduction to practice. Dreyfus v. Lilienfeld, 49 F.2d 1065, 18 C.C.P.A., Patents, 1521; Goldsmith v. Von Mihaly, 90 F.2d 359, 24 C.C.P.A., Patents, 1239; Harnsberger v. Youker, 109 F.2d 806, 27 C.C.P.A., Patents, 923, and Abbott v. Shepherd, 77 U.S.App.D.C. 101, 135 F.2d 769.

1. R.S. 4888, 35 U.S.C., 1946 ed., § 33; now revised in pertinent parts as 35 U.S.C., 1952 ed., § 112, which reads as follows:
"The specification shall contain a written description of the invention, and of the manner and process of making and using it, in such full, clear, concise, and exact terms as to enable any person skilled in the art to which it pertains or with which it is most nearly connected, to make and use the same, and shall set forth the best mode contemplated by the inventor for carrying out his invention.
"The specification shall conclude with one or more claims particularly pointing out and distinctly claiming the subject matter which the applicant regards as his invention."

Appellants have set forth in their brief in parallel columns the language of the count and the disclosures of the two Swedish applications which they urge adequately support the limitation of the count. For convenience, we reproduce below the portion of the count around which the controversy revolves, and the disclosure of one of the applications, as translated, (4623/1939), relied upon:

### Interference Count

said liquor being subjected to said oxidizing treatment without any substantial evaporation until substantially all of the sulfur becomes fixed in the liquor without substantial loss of hydrogen sulfide,

terminating said treatment before the occurrence of any substantial oxidation of the organic compounds present in said liquor, and then evaporating the thus oxidized liquor, whereby loss of sulfur compounds during the evaporating step are substantially eliminated.

### Application No. 4623/1939

If the black liquor is subjected to an oxidation, e. g. by means of air, prior to the evaporation S is fixed in the liquor and losses of S do not, or to a comparatively insignificant degree, occur during the evaporation.

The oxidation may take place at different temperatures. * * * This must, however, not be carried too far. It has namely been demonstrated that an oxidation which has been carried too far will directly influence upon the organic substance. * * *

By this oxidizing treatment of the liquor are as technical effects gained * * * that the heating value of the black liquor is not decreased * * *.

We are impressed by two statements in the Swedish application. First, that which teaches that the oxidation must not be carried too far; and second, that it has been demonstrated that if carried too far, there will be a direct influence upon the organic substances of the black liquor. We do not find in the decision of the examiner any indication that sufficient consideration was accorded the first statement in reaching the conclusion that the second statement was inadequate to support the step of terminating the oxidation treatment as defined in the count. In our view, however, the specific warning not to carry the oxidation too far is an important and significant part of the disclosure. It definitely teaches the worker in the art to terminate the oxidation at some time or point and delineates that point by stating that an oxidation has been carried too far when the organic substances have been affected. Having warned the skilled worker against too much or too prolonged an oxidation treatment, and having pointed out how to determine when the treatment has gone too far, it is of no legal significance that the Swedish application does not define the termination point in the same broad language of the count, i. e., "before the occurrence of any substantial oxidation of the organic compounds present in said liquor." The concept or idea conveyed by the disclosure of the Swedish application is substantially the same as that of the count. Accordingly, we are constrained to disagree with the tribunals below.

In our opinion, the essence of the broad invention in controversy is sufficiently disclosed in the Swedish application to conclude that the filing abroad constitutes a constructive reduction to practice of the process of the count, and that the motion to shift the burden of proof should have been granted.

For the reasons stated, the decision of the Board of Patent Interferences is reversed.

Reversed.

On account of illness, GARRETT, C. J., did not participate in the hearing or decision of this case.